IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:07-CR-113-BO

DAMEIAN LAVERNE JENNINGS,    )
                            )
            Petitioner,      )
                            )
v.                          )        ORDER
                            )
UNITED STATES OF AMERICA,    )
                            )
            Respondent.      )
_____)

This matter is before the Court on Petitioner's Motion for Discovery and Respondent's

Motion to Dismiss. Petitioner is requesting, among other things, a copy of his judgment and

sentence, presentence report ("PSR"), transcripts and a waiver of transcript fees. However,

Petitioner has failed to demonstrate a particularized need for the transcripts relevant to his post

conviction motion under 28 U.S.C. § 2255 which would justify waiving the costs. *See Jones v.*

*Superintendent, Virginia State Farm*, 460 F.2d 150, 152-53 (4th Cir.1972), *cert. denied*, 410 U.S.

944 (1973). 28 U.S.C. § 753(f) requires that the trial judge or a circuit judge certify that "the suit

or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit

or appeal." *Id.* It is well settled in this circuit that "an indigent is not entitled to a transcript at

government expense without a showing of the need, merely to comb the record in the hope of

discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Defendant

has only stated he wants transcripts and documents and "any and all other items used by the

government to coerce me into executing a plea agreement" for use to petition the court for

redress. Petitioner received a copy of his PSR prior to sentencing, and he does not explain why

he needs another copy. Petitioner has also failed to explain why the other documents he has requested are specifically needed, or how they will support his claim, or what specifically he expects to find in the transcripts to show that his request is not merely a fishing expedition. Fed. R. Crim. P. 32 "does not give a defendant any right whatsoever to have a copy of the [presentence] report, much less copies of any documents or materials used in preparing the report. It is difficult to imagine any court granting what the defendant requests." *Ward v. United States*, 609 F. Supp. 169 (N.D. Ohio 1985).

Because Defendant has failed to provide an adequate basis to support his request, his Motion for Discovery is DENIED and the Government's Motion to Dismiss is GRANTED.

SO ORDERED.

This _10_ day of August, 2010

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE